IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED BIOKINETICS LLC, | : |
| Plaintiff, | : : : |
| v. | : Civil Action No. 22-638-RGA-JLH |
| KT HEALTH, LLC, | : : : |
| Defendant. | : |

MEMORANDUM ORDER

Defendant filed a motion to dismiss for lack of standing or alternatively for a stay. (D.I. 41). The motion was fully briefed. (D.I. 42, 48, 54). I referred the motion to a Magistrate Judge, who held argument on it on April 12th. The Magistrate Judge issued a Report and Recommendation. (D.I. 97). It recommended I deny both aspects of the motion. Defendant objected. (D.I. 98). Plaintiff responded. (D.I. 102). I now consider the objections.

Defendant raises three issues. I review the subject matter jurisdiction issue *de novo*. I do not review the Rule 19 issue as it is forfeited. I review the stay issue for an abuse of discretion.

Defendant argues that I cannot simply accept Plaintiff's pleading as establishing that I have subject matter jurisdiction. The Magistrate Judge recommended that I can and should. I agree with the Magistrate Judge. The Magistrate Judge's reasoning was, "[The First Amended Complaint] alleges that [Plaintiff] is the assignee of the Asserted Patents. ([D.I. 10] ¶¶ 17, 27, 37, 47, 57, 64, 74, 83.) That allegation 'support[s] an arguable case or controversy under the Patent Act.'" (D.I. 97 at 9).[1] I think it is clear that the Magistrate Judge was right that under Federal

---

[1] For example, ¶ 17 states in part: "[Plaintiff] is the owner of all right, title, and interest in and to the patent by assignment, with full right to bring suit to enforce the patent, including the right to

Circuit caselaw, Plaintiff pleads subject matter jurisdiction. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019).   I think Defendant concedes that Plaintiff's allegations are sufficient.  Instead, Defendant argues that it is making a factual attack on constitutional standing.  But I do not think that is what it is doing.  It is making a factual attack on statutory standing, which is a different thing. *See Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 & n.6 (Fed. Cir. 2020) ("the Supreme Court [has] made clear that virtually all statutory filing prerequisites are non-jurisdictional").  Whether Plaintiff in fact meets the statutory requirements to bring suit is an issue for another day.  Defendant's first objection is OVERRULED.

Defendant argues that the Magistrate Judge erred in not considering its Rule 19 arguments.  (D.I. 98 at 7-8 (citing D.I. 97 at 9 n.4)).  The problem with this argument is that Defendant did not cite Rule 19 in its Opening Brief. (D.I. 42 at iii).  Its first Rule 19 citation is in its Reply Brief.  (D.I. 54 at 7, 10). By the time of the objections, it had morphed into a *"passim"* cite. (D.I. 98 at ii). "Arguments raised for the first time before a district court in a reply brief are deemed forfeited. *See Jaludi v. Citigroup*, 933 F.3d 246, 256 n.11 (3d Cir. 2019) ('Because Citigroup failed to invoke the provision until its reply brief in the District Court, we deem this argument [forfeited].')." *In re: Niaspan Antitrust Litigation*, 67 F.4th 118, 135 (3d Cir. 2023).  The argument is forfeited, and therefore provides no

---

recover for past infringement damages and the right to recover future royalties, damages, and income." The other cited paragraphs say the same thing.

basis to overturn the Magistrate Judge's recommendation. Defendant's second objection is OVERRULED.[2]

Defendant argues that the Magistrate Judge erred by recommending that I deny the request for a stay while the Federal Circuit decides a related appeal (*Applied Biokinetics LLC v. CVS Pharmacy, Inc.*, Nos. 22-2038/2039/2040 (filed July 19, 2022)). The appeal is fully briefed and awaiting an argument date as of today.[3] A motion to stay is a non-dispositive motion. The standard of review is not *de novo*; it is for an abuse of discretion. To the extent Defendant is arguing that its other objections are valid and therefore the decision on the stay is based on legal error, I reject that since I reject the claims of legal error. To the extent Defendant is arguing that it is an abuse of discretion, I disagree. Defendant's third objection is OVERRULED.

Thus, this 29th day of September 2023, I ADOPT the recommendations of the Report and Recommendation. (D.I. 97). I therefore DENY Defendant's motion to dismiss for lack of standing or alternatively for a stay. (D.I. 41).

IT IS SO ORDERED.

/s/ Richard G. Andrews
United States District Judge
9/29/23

---

[2] Defendant's objection relies on language from a Federal Circuit opinion stating that Rule 19 can be procedurally raised by any number of different motions. I do not read that opinion as holding that Rule 19 can be raised even by motions not raising it.

[3] It appears that as of a month ago, the argument dates under consideration cover the span from November 2023 to April 2024. (Ct. App. No. 22-2038, D.I. 56).